IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01528-BNB

ROSS ALLEN SUMPTER-EL,[1]
    Applicant,

v.

ARI ZAVARAS, Exe. Dir. of (CDOC),
HOYT BRILL, Warden (K.C.C.C.), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Ross Allen Sumpter-El is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Sumpter-El has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Arapahoe County District Court case number 92CR908.

On July 17, 2009, Magistrate Judge Craig B. Shaffer ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 1, 2009, Respondents filed their Pre-Answer Response. Although Mr. Sumpter-El was given an opportunity to file a reply to the Pre-Answer Response, he has not done so.

---

[1] Applicant's last name in the state court records submitted to the Court in this action is Sumpter. The Court will use the last name of Sumpter-El because that is how Applicant now identifies himself.

The Court must construe the application liberally because Mr. Sumpter-El is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Sumpter-El was convicted by a jury of three counts of sexual assault on a child, one count of second degree sexual assault, and three habitual criminal counts. Following the reversal of his original sentence on direct appeal, *see Sumpter v. People*, 994 P.2d 1045 (Colo. 2000), Mr. Sumpter-El was resentenced on July 13, 2000, to thirty-two years in prison. The Colorado Court of Appeals affirmed the new sentence, but vacated the sentence on one count and remanded for correction of the mittimus. *See People v. Sumpter*, No. 00CA1625 (Colo. Ct. App. May 16, 2002) (unpublished). On October 7, 2002, the Colorado Supreme Court denied Mr. Sumpter-El's petition for writ of certiorari.

Mr. Sumpter-El next filed a motion for sentence reconsideration on February 12, 2003. On February 27, 2003, the trial court denied the motion for sentence reconsideration and Mr. Sumpter-El did not appeal from the trial court's February 27, 2003, order. According to Respondents, Mr. Sumpter-El did not file any further postconviction motions until some time after June 2006. On November 15, 2007, the trial court denied Mr. Sumpter-El's motion for mandamus relief to obtain credit for presentence confinement. On March 28, 2008, the trial court denied Mr. Sumpter-El's petition for writ of habeas corpus challenging the trial court's subject matter jurisdiction

over his criminal case. On February 9, 2009, the Colorado Supreme Court affirmed the denial of the state petition for writ of habeas corpus.

The Court received the instant action for filing on June 18, 2009. Mr. Sumpter-El asserts one claim for relief in the habeas corpus application arguing that the trial court lacked subject matter jurisdiction over his criminal case because the state statutes he was convicted of violating are published in the Colorado Revised Statutes without enacting clauses.

Respondents argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Sumpter-El's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Sumpter-El had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on October 7, 2002, but he did not do so. Therefore, the Court finds that Mr. Sumpter-El's conviction became final on January 6, 2003, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[2]

The Court also finds that the one-year limitation period began to run on January 6, 2003, because Mr. Sumpter-El does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the

---

[2] The ninetieth day after October 7, 2002, was Sunday, January 5, 2003. Therefore, the filing period extended until Monday, January 6, 2003. *See* Sup. Ct. R. 30.1.

4

factual predicate for his claim in this action before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether any of Mr. Sumpter-El's state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede, and the Court agrees, that the one-year limitation period was tolled pursuant to § 2244(d)(2) from February 12, 2003, when Mr. Sumpter-El filed the motion for sentence reconsideration, through April 14, 2003, when the time expired for Mr. Sumpter-El to appeal the trial court's February 27, 2003, order denying that motion.[3] *See* C.A.R. 4(b) (providing forty-five days to file a notice of appeal). However, the thirty-six days between January 6, 2003, when the one-year limitation period began to run, and February 12, 2003, when the postconviction motion for sentence reconsideration was filed, count against the one-year limitation period.

Respondents contend that no other state court postconviction motions filed by Mr. Sumpter-El tolled the one-year limitation period because no other state court postconviction motions were filed before the one-year limitation period expired. The Court agrees. As discussed above, the one-year limitation period was tolled while Mr. Sumpter-El's postconviction motion for sentence reconsideration was pending, but began to run again on April 15, 2003. The remaining 329 days then ran uninterrupted until the one-year limitation period expired on March 8, 2004. Because the one-year limitation period expired before Mr. Sumpter-El filed any other state court postconviction motions, those motions could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

---

[3] The forty-fifth day after February 27, 2003, was Sunday, April 13, 2003. Therefore, the filing deadline extended until Monday, April 14, 2003. *See* C.A.R. 26(a).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Sumpter-El fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Sumpter-El fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01528-BNB

Ross Allen Sumpter-El
Prisoner No. 80535
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk